IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ELIZABETH REDHOUSE,

    **Plaintiff,**

v.                                              No._____

THE UNITED STATES OF AMERICA,

    **Defendant.**

**COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT
FOR DAMAGES DUE TO NEGLIGENCE**

Plaintiff, Elizabeth Redhouse, avers for her complaint the following:

1.    Plaintiff brings this civil action for compensatory damages arising from the negligence of personnel at the Chinle Comprehensive Health Care Facility ("CHINLE") located in Chinle, Arizona, a facility operated by the United States through the Department of Health and Human Services and the Indian Health Service.

**JURISDICTION AND VENUE UNDER THE FEDERAL TORT CLAIMS ACT**

2.    Plaintiff's claims in this action are authorized by and are brought pursuant to the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b) and 28 U.S.C. §2671, *et seq.*, and also pursuant to 28 U.S.C. §1331.

3.    Federal statutes, including the FTCA, vest this court with exclusive jurisdiction over plaintiff's claims in this case.

4.    The FTCA makes the United States liable for the negligent acts and omissions of federal "employees."

5.    Federal employees include, but are not limited to, employees of the Indian

Health Service and the Chinle Comprehensive Health Care Facility ("CHINLE").

6. At all times material to this case defendant United States controlled, owned, and operated CHINLE.

7. CHINLE provides medical care to Native Americans who are members of recognized tribes pursuant to various federal statutes and other law.

8. At all times material to this case defendant United States, acting through the Indian Health Service, held itself out to have the ability to provide medical care to members of the Navajo Nation and plaintiff, at its Chinle hospital, including the ability to address urinary tract infections, provide safe hospitalization, and provide medical care to elderly persons who may be cognitively impaired .

9. Plaintiff, through her legal counsel and her daughter, Yolandia Redhouse, who had a power of attorney, presented to the Department of Health and Human Services in April, 2013, a timely administrative claim under the FTCA alleging negligence by federal employees at CHINLE in the provision of medical care to plaintiff.

10. Defendant has had more than six months to investigate plaintiff's claim and to attempt settlement with plaintiff.

11. By law, a claim presented under the FTCA is deemed denied by the United States six months after it is presented, and a plaintiff is then authorized to file a lawsuit against the United States.

12. Defendant has not attempted to settle with plaintiff and has not denied her claim.

13. Plaintiff has now exhausted her administrative remedies as required by the FTCA.

14. Plaintiff is authorized by statute to file this action in the United States District Court for the District of Arizona.

15. Plaintiff is a tribal member of the Navajo Nation. At all times material hereto, she resided near Chinle, Arizona.

16. Venue is proper in this district under 28 U.S.C. §1402(b).

## FACTUAL BACKGROUND

17. On or about February 26, 2013, plaintiff went to CHINLE for what appeared to be a urinary tract infection.

18. Plaintiff was admitted to CHINLE that same day.

19. Plaintiff was having cognitive difficulties when admitted to CHINLE, including an altered mental state, confusion, and hallucinations.

20. Plaintiff was unable to answer questions appropriately.

21. Plaintiff was a 75 year-old diabetic amputee (right leg) at the time of her admission to CHINLE.

22. CHINLE staff recognized that plaintiff was at risk for a fall.

23. Plaintiff's family indicated to one of the staff at CHINLE a concern about the possibility of a fall happening, and asked that precautions be taken to protect the safety of plaintiff.

24. Despite the need for fall precautions, adequate fall precautions were not put in place.

25. Staff placed plaintiff's bed close to the nursing station, lowered the height of the bed, gave plaintiff a call light, placed a color coded arm band on her arm

indicating she was at risk to fall, and inserted a Foley catheter so plaintiff could urinate without getting up.

26.     These basic fall precautions were not sufficient for the safety of a cognitively and physically impaired patient such as plaintiff.

27.     During the evening of February 26, plaintiff was increasingly agitated and her vital signs showed her to be experiencing stress -- at one point her blood pressure was 204/123 and her heart rate was 133 beats per minute.

28.     At about 10:45 p.m., staff administered Haloperidol, an anti-psychotic medication. The dose (2.5 mg) was given intravenously.

30.     Plaintiff was also given a Fentanyl patch during the evening for pain.

31.     Staff did not, however, make any changes in plaintiff's fall precautions, and did not add to them.

32.     A short time prior to midnight on February 26, plaintiff fell from her bed and fractured her left femur.

33.     This incident happened while plaintiff was unattended.

34.     Plaintiff had to have further hospitalization and receive further medical care because of the fall at CHINLE.

35.     Because of her medical condition, plaintiff could not have her injury repaired surgically and she has been confined to bed since the date of the incident.

36.     Plaintiff has received some medical care for her injury from CHINLE and the Tsaile Clinic in Tsaile, Arizona. Tsaile is an Indian Health Service facility within the Chinle Service Unit.

37. Plaintiff continues to experience health problems and symptoms caused by her fall at CHINLE.

## **CAUSE OF ACTION - DUTY, NEGLIGENCE, & CAUSATION**

38. Plaintiff repeats the averments stated in the preceding paragraphs and incorporates them by reference as part of the first count of negligence.

39. The United States is legally responsible for the negligent actions of its CHINLE staff, including employees of CHINLE, while those employees are performing job duties for the employer or engaged in furtherance of the interests of the employer.

40. The involved staff who participated in the medical care of plaintiff at CHINLE were employees of the Indian Health Service at the time of Ms. Redhouse's fall.

41. Those employees were on the job performing job-related duties for CHINLE at the time they acted negligently and caused Ms. Redhouse's injury.

42. If any negligent CHINLE staff were not actual employees of the Indian Health Service at the time of the incident, they may have been contract employees whose contracts with the defendant provide that the defendant is liable under the Federal Tort Claims Act for their negligence.

43. If any negligent CHINLE staff were not actual employees of the Indian Health Service at the time of the incident, they may have been contract employees whose contracts with the defendant may be deemed by statute or federal regulation to make the defendant liable under the Federal Tort Claims Act for their negligence.

44. If any negligent CHINLE staff were not actual employees of the Indian Health Service at the time of the incident, and the preceding paragraphs 42-43 do not

apply, they may have been contract employees for whom the defendant is vicariously liable under the Federal Tort Claims Act pursuant to doctrines of law such as agency and *respondeat superior*.

45. If any of the negligent CHINLE staff were not actual employees of the Indian Health Service at the time of the incident, and if the defendant cannot be deemed liable for their negligence, they may have been contract employees who are personally liable for their own negligence, in which instance the defendant needs to inform plaintiff so she can timely seek to join them as defendants in this lawsuit. In addition, the staffing agencies, employers, or companies providing services from such persons may be liable for the negligence of these staff members; and the defendant needs to identify them for plaintiff so she can timely seek to join them as defendants in this lawsuit.

46. The information about contract employees and their work status and employers are items that the defendant should be prepared to provide in its initial disclosures in this matter, preferably prior to the court's scheduling conference because the information might affect the schedule and the deadlines put into effect at the scheduling conference.

47. Defendant and involved CHINLE staff had a duty to exercise reasonable care in the diagnosis and treatment of plaintiff, and to possess and use the degree of skill and learning ordinarily used in the same or similar circumstances by members of their professions in the provision of healthcare.

48. A fall from a hospital bed is an event that is deemed by the United States government to be an event that should never occur. Indeed, this kind of fall is among

what are referred to as "never events," for which Medicare denies payment to a private healthcare provider.

49.     The involved staff breached the duty of reasonable care owed to Ms. Redhouse and are guilty of the following negligent actions and omissions by failing to measure up to the applicable standards of care, skill, and practice required of members of their professions, to wit:

a) negligently and carelessly failing to institute required fall precautions in order to prevent a fall such as occurred;

b) negligently and carelessly failing to observe, monitor, manage, and supervise plaintiff at CHINLE while she was a patient dependent on CHINLE for her safety and health;

c) negligently and carelessly failing to recognize the extent of plaintiff's risk of falling and negligently failing adequately to mitigate or eliminate that risk;

d) negligently and carelessly failing properly to consult with plaintiff's family and to explain the extent of the risk of plaintiff's falling;

e) negligently and carelessly failing to administer medications properly and monitor their effects;

f) negligently and carelessly failing to provide proper follow-up care and home health care to plaintiff so as to mitigate the effects and symptoms of plaintiff's injury and her confinement; and

g) negligently and carelessly failing to measure up to the requisite standards of care and skill recognized and observed in the field of medicine, and related

fields, while performing care or engaged in caring for plaintiff, and in further particulars that at this time are not known to plaintiff as to the specific facts, but which are believed and hereby alleged will be disclosed during discovery in the course of the litigation.

50. The negligent actions and omissions of CHINLE staff in failing safely and properly to provide Ms. Redhouse with necessary and required care at CHINLE on and about February 26, 2013, caused injury and were actions and omissions for which the United States would be liable to plaintiff for negligence under the laws of the State of Arizona, the place where the incident occurred, if the United States were a private individual at fault for the same negligence.

51. At all times material hereto, Ms. Redhouse was a patient of the Indian Health Service, an agency of the United States Department of Health & Human Services, and was in the care and custody of CHINLE and involved staff, completely dependent upon the government, the hospital, and the hospital staff for her safety and medical care.

52. Defendant United States, acting through its employees, negligently failed to provide appropriate, reasonable, required, and safe medical care for Ms. Redhouse, which gives rise to a negligence cause of action against defendant, as laid out herein.

53. As a direct and proximate result of the negligence of defendant United States its employees, and the staff at CHINLE, Ms. Redhouse suffered grievous injury and harm.

## **DAMAGES**

54. Under the FTCA and the law of the place of the wrong, the State of Arizona, plaintiff is entitled to compensatory damages for her losses, both special and

8

general, including damages for the nature, duration, and extent of her injury; past and future medical expense; non-medical expense incidental to her injuries; emotional and psychological distress and suffering;  physical pain; interference with her daily activities, her physical abilities, her home life, and her recreational pursuits; all of which caused her a loss of enjoyment of life, which will extend into the future; loss of household services; disfigurement and scarring; and future damages caused by the negligence of the United States.  Defendant United States is liable to plaintiff for her losses and she hereby claims a right to recover all allowable damages recognized by Arizona, whether specifically mentioned herein or not.

## CONCLUSION

**WHEREFORE,** plaintiff prays the court to enter judgment for her and to order that she be compensated for all losses allowed or recognized by law, for an award of allowable costs, and for such other relief as recognized under the laws and rules that govern this case.

>BARBER & BORG, LLC
>P.O. Box 30745
>Albuquerque, NM 87190-0745
>3816 Carlisle Blvd, NE Suite C (87107)
>(505) 884-0004
>(505) 884-0077 (fax)
>Email: scott@barberborg.com
>
>By_____/s/ Scott E. Borg
>ATTORNEYS FOR PLAINTIFF